UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SELIM ZHERKA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 25-30160-MGM |
| v. | * | |
| | * | |
| ARCH SPECIALTY INSURANCE COMPANY et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER RE: REPORT & RECOMMENDATION REGARDING DEFENDANTS' JOINT MOTION TO DISMISS
(Dkt. Nos. 31, 79)

September 23, 2026

MASTROIANNI, U.S.D.J.

On May 19, 2026, Magistrate Judge Christopher L. Morgan issued a Report and Recommendation, which recommends that this court grant Defendants' motion to dismiss on *res judicata* and litigation privilege grounds. (Dkt. No. 79.) Judge Morgan also recommends that this court sanction Plaintiff by awarding Defendants attorneys' fees and costs incurred in obtaining dismissal of this action. Plaintiff filed objections to Judge Morgan's Report and Recommendation, as well as numerous motions and responses which seek to include supplemental briefing and evidence.

This court, upon *de novo* review, adopts Judge Morgan's Report and Recommendation and will dismiss this case on res judicata (also known as claim preclusion) and litigation privilege grounds. This is the fourth action filed in this court related to an insurance coverage dispute regarding property loss and the insurance claims process. As this court explained in dismissing the third action on res judicata grounds, "[f]ederal claim preclusion bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys.,*

*Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Moreover, "[t]he doctrine of claim preclusion serves at least two important goals" which are particularly relevant here: "protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation." *Id.* (explaining that "Plaintiffs cannot obtain a second chance at a different outcome by bringing related claims against closely related defendants at a later date").

"Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closed related." *Id.* Even assuming that the denial of the motion to intervene in first action (23-cv-30127) does not amount to a final judgment on the merits, the dismissal with prejudice of the second action (24-cv-30077) and the third action (25-cv-30024) certainly does. Moreover, the First Circuit recently affirmed this court's dismissal of the second action based on the prior pending action doctrine, explaining that "the district court reasonably found that Zherka should not be permitted a second opportunity to litigate [the claims asserted in the proposed amended complaint in intervention in the first action], and that his recourse was to appeal the denial of the motion to intervene, not to file a duplicative new action." (24-cv-30077, Dkt. No. 35.)[1]

At the second prong, as Plaintiff's claims in this action and in the second and third actions "arise out of a common nucleus of operative facts," they are sufficiently related for res judicata purposes. *Airframe Sys.*, 601 F.3d at 15; *see Silva v. City of New Bedford*, 660 F.3d 76, 79 (1st Cir. 2011); *see also Salvati v. Fireman's Fund Ins. Co.*, 368 F. Supp. 3d 85, 92 (D. Mass. 2019) ("[T]he First Circuit

[1] In any event, "[a] decision retains its finality for preclusion purposes even while an appeal from the decision is pending." *Efron v. UBS Fin. Servs. Inc.*, 2025 WL 966796, at *8 (D.P.R. Mar. 31, 2025 (quoting *Rodriguez-Miranda v. Coquico, Inc.*, 2011 WL 2292263, at *5 (D.P.R. June 7, 2011); *see also Washington v. State St. Bank & Tr. Co.*, 14 F. App'x 12, 16 (1st Cir. 2001) ("[A] federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal."); *Stahan v. McNamara*, 2023 WL 8475657, at *4 (D.N.H. Dec. 7, 2023) (collecting cases).

has held that claim preclusion applie[s] when the new action simply allege[s] that the wrongful conduct in the first action continued to occur."). Even assuming Plaintiff obtained some additional or different interest in the property on January 7, 2025, as he contends, these assignments occurred after judgment entered in the second action, and "[t]he general rule [is] that preclusion attaches to a transferee after judgment." Wright and Miller, 18A Fed. Prac. & Proc. Civ. sec. 4462 (3d ed.).

As to the third prong, the court agrees with Judge Morgan that the parties in this action and the dismissed second and third actions are sufficiently close to warrant the application of res judicata. *See Silva*, 660 F.3d at 80 ("[C]laim preclusion applies . . . 'if the new defendant is closely related to a defendant from the original action—who was not named in the previous law suit.'" (quoting *Airframe Sys.*, 601 F.3d at 17)). In this action, Plaintiff has named as defendants Arch Specialty Insurance Company, employees of Arch, and outside counsel representing Arch in the first action. The court agrees with Judge Morgan that these agency and employment relationships are sufficient under First Circuit precedent for purposes of the third claim preclusion prong. *See Silva*, 660 F.3d at 80; *see also United States v. Prado*, 701 F. Supp. 3d 76, 81 (D. Mass. 2023) ("In an attorney-client relationship, the attorney functions as the client's agent."), *aff'd sub nom. United States v. De Souza Prado*, 142 F.4th 99 (1st Cir. 2025).

In addition, as Judge Morgan explains, the Massachusetts litigation privilege bars Plaintiff's claims against the outside counsel defendants. "[T]he litigation privilege shields an attorney from liability for actions taken during the course of litigation," and "the policies justifying application of the litigation privilege to an attorney's statements made in the course of litigation apply with equal force to the attorney's conduct." *Bassichis v. Flores*, 189 N.E.3d 640, 651 (Mass. 2022). Moreover, the litigation privilege is quite broad; it "applies regardless of malice, bad faith, or any nefarious motives on the part of the lawyer so long as the conduct complained of has some relation to the litigation." *Id.* at 646 (internal quotation marks omitted). And because "[t]he acts of preparing and advancing a

litigation strategy are as integral to the duties of a lawyer as is advocating in the court room," the litigation privilege applies even when the attorney is accused of engaging in tortious activity with his clients. *Id.* at 652. This court agrees with Judge Morgan that an attorney does not forfeit the protection of the litigation privilege by responding on their own behalf to Plaintiff's written demand letters.

Lastly, Judge Morgan recommends that the court deny Defendants' request to enjoin Plaintiff from filing further lawsuits related to the alleged property loss—as this court already issued such an injunction, in the third action[2]—but grant their request for fees and costs. This court again agrees. As the court previously explained in enjoining Plaintiff from filing new actions related to the property loss without leave of court, "Plaintiff's litigation conduct in the various cases related to the property loss is vexatious." (25-cv-30024, Dkt. No. 77 at 3.) Plaintiff's filing of the second action was an obvious attempt to circumvent this court's denial of his motion to intervene in the first action, his filing of the third action was an obvious attempt to circumvent the dismissal of the second action, and his filing of this fourth action was an obvious attempt to circumvent the (inevitable) dismissal of the third action. Under these circumstances, the court agrees with Judge Morgan that the filing and prosecution of this action was frivolous and warrants monetary sanctions. As Judge Morgan explained, Plaintiff's "repeated efforts reveal that he is not an unsophisticated pro se party making honest missteps but rather a calculating litigant determined to thrust himself into a matter to which he is not properly a party." (Dkt. No. 79 at 30-31.) Moreover, Plaintiff's litigation conduct in this action and in the dismissed actions—including the filing of lengthy, irrelevant, and

[2] Moreover, Defendant Arch, in the first action, filed a broader motion to enjoin Plaintiff from making any filings relating to the alleged property loss without first obtaining leave of court. In the Report and Recommendation, Judge Morgan explains: "To the extent the relief Defendants seek here is broader than new complaints and would encompass other pleadings [Plaintiff] might file in the still-pending First Action, I recommend that the motion be denied without prejudice and entitlement to the requested relief be decided on the basis of the dedicated papers in the First Action." (Dkt. No. 79 at 30.) This court agrees.

repetitive materials—demonstrates that monetary sanctions are appropriate here, given that Defendants have expended significant time and resources defending against such improper filings.[3]

Accordingly, the court hereby ADOPTS Judge Morgan's May 19, 2026, Report and Recommendation. As a result, Defendants' Motion to Dismiss (Dkt. No. 31) is GRANTED and this action is DISMISSED with prejudice. In addition, Plaintiff's motions to disqualify (Dkt. No. 23), for judicial notice (Dkt. No. 45), for leave to file supplemental memoranda in support of the motion to disqualify (Dkt. Nos. 53 and 69), for leave to file second supplemental pleading pursuant to Fed. R. Civ. P. 15(d) (Dkt. No. 56), for leave to file an expanded opposition to Defendant's motion for sanctions (Dkt. No. 75), for leave to file a reply addressing newly obtained deposition testimony (Dkt. No. 89), for leave to file a sur-reply (Dkt. No. 92), for leave to supplement the record (Dkt. No. 95), and for leave to file certified excerpts from a deposition transcript are DENIED AS MOOT. Lastly, the court ADOPTS Judge Morgan's recommendation to GRANT Defendant's motion for sanctions (Dkt. No. 71). Defendants shall submit, by October 7, 2026, a petition for fees and costs incurred in obtaining dismissal of this action; Plaintiff may respond, solely on the issue of the reasonableness of the claimed fees and costs, by October 21, 2026.

It is So Ordered.

_/s/ Mark G. Mastroianni_________
MARK G. MASTROIANNI
United States District Judge

---

[3] The court has reviewed Plaintiff's various motions and responses which seek to include supplemental briefing and evidence in connection with the Report and Recommendation. (Dkt. Nos. 89, 92, 94, 95, and 97.) Nothing therein alters the court's analysis in adopting Judge Morgan's Report and Recommendation. Accordingly, the motions will be denied as moot.